David W. Affeld, Cal. Bar No. 123922
  dwa@agzlaw.com
Damion D. D. Robinson, Cal. Bar No. 262573
  dr@agzlaw.com
Affeld Grivakes LLP
2049 Century Park East, Suite 2460
Los Angeles, California 90067
Tel. (310) 979-8700
Fax (310) 979-8701

Attorneys for Plaintiff Michael Zeleny

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL ZELENY;<br><br>            Plaintiff,<br><br>    vs.<br><br>TYLER C. BURGE; THE ALONZO CHURCH PUBLICATION PROJECT; MIT PRESS; MASSACHUSETTS INSTITUTE OF TECHNOLOGY; and DOES 1 through 20, inclusive;<br><br>            Defendants. | **Case No.:** 2:21-CV-05103<br><br>**COMPLAINT FOR:<br>COPYRIGHT INFRINGEMENT;<br>BREACH OF FIDUCIARY DUTIES;<br>BREACH OF CONTRACT;<br>ACCOUNTING**<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiff Michael Zeleny ("Plaintiff" or "Zeleny") alleges for his complaint against defendants Tyler C. Burge ("Burge"), the Alonzo Church Publication Project (the "Church Project"), MIT Press, and Massachusetts Institute of Technology ("MIT"; collectively with Burge, the Church Project, MIT Press, and Does 1 through 20, "Defendants"), as follows:

## INTRODUCTION

1. Zeleny is a literary executor of Alonzo Church ("Church"), one of

the forefathers of modern computer science.[1]

2. Over nearly a decade before and after Church's death in 1995, Zeleny worked extensively to prepare a bibliography and collection of Church's written works for publication, known as the "Collected Works." Zeleny holds a registered copyright in this collection under the title "Collected Works in Mathematics, Logic, and Philosophy by Alonzo Church."

3. The "Collected Works" was a labor of love. Zeleny considered it his duty as Church's executor to foster and preserve Church's academic and literary legacy, and to ensure that Church's works were published according to the highest academic standards.

4. In 2005, Zeleny learned that Church's other two literary executors, Burge and Herbert B. Enderton ("Enderton"),[2] intended to publish an incomplete version of the "Collected Works." Zeleny objected to the publication of the incomplete, hastily-prepared materials. No publication occurred at that time.

5. Instead, on April 23, 2019, Zeleny learned that Burge had published an incomplete version of the Collected Works with MIT Press without Zeleny's knowledge or consent. The incomplete publication is based in large part on Zeleny's collection of Church's works and associated bibliography. Although Burge previously credited Zeleny as an editor of the Collected Works, he removed any acknowledgment of Zeleny's contribution from the published version.

6. Zeleny brings this action for copyright infringement based on the misuse of his collection of Church's works and associated bibliography. He also brings claims against Burge, individually, for violation of Burge's partnership duties in connection with the Church Project.

---

[1] Church is perhaps most well known for the Church-Turing thesis or "Church's thesis," developed with Alan Turing in the early 20th Century.

[2] Enderton has since passed away.

**PARTIES**

7.  Zeleny is an individual and resident of Los Angeles, California. He is a literary executor of Church and a partner of the Church Project.

8.  On information and belief, Burge is an individual and resident of Los Angeles, California. Burge is a literary executor of Church and a partner of the Church Project.

9.  The Church Project is a general partnership with its principal place of business in Los Angeles, California. The partners of the Church Project are Zeleny and Burge, and included Enderton prior to his death.

10. On information and belief, MIT Press is an unincorporated association and a non-profit subsidiary of MIT with its principal place of business in Cambridge, Massachusetts.

11. On information and belief, MIT is a non-profit, private university located in Cambridge, Massachusetts.

12. On information and belief, Does 1 through 20, inclusive, are in some manner legally responsible for the acts, omissions, and damages alleged herein, including, without limitation, by publishing and/or distributing the Collected Works in violation of Zeleny's copyright. Zeleny is unaware of the true names and capacities of Does 1 through 20, and so names them under these fictitious names.

**JURISDICTION AND VENUE**

13. This Court has federal question jurisdiction under 28 U.S.C. § 1338(a) because Zeleny's claim for copyright infringement arises under the federal Copyright Act, 17 U.S.C. § 101, *et seq.*

14. Venue is proper in this district under 28 U.S.C. § 1391(b) in that a substantial part of the events giving rise to Zeleny's claims occurred in Los Angeles, California in the Central District of California. Venue is also proper under 28 U.S.C. § 1400(b) in that defendants Burge and the Church Project committed acts of

copyright infringement within this district and had a regular and established place of business in this district.

## GENERAL ALLEGATIONS

15. Zeleny is the holder of exclusive rights under the Copyright Act to reproduce, distribute, display, and license the portion of the "Collected Works" that he created, which is the subject matter of this action.

### *Zeleny Becomes Church's Literary Executor*

16. In 1987 and 1988, Zeleny was a philosophy student at UCLA and developed an interest in Church's work. He studied under Church for two years before leaving to pursue studies at Harvard College.

17. In 1990, Zeleny learned that the UCLA Philosophy Department had voted to discontinue Church's tenure. He attempted, unsuccessfully to petition for Church's reinstatement. He then re-enrolled at UCLA to study under Church for the last year of Church's tenure.

18. During his studies, Zeleny asked Church about the status of his unpublished works. Church informed Zeleny that his works were destined for eventual publication as part of his "Collected Works" under the supervision of his literary executors Burge and Enderton, but would likely be published posthumously. Burge and Enderton confirmed that the "Collected Works" project had been put on hold due to a lack of manpower and publisher interest.

19. Zeleny volunteered to assist Church, Burge, and Enderton in reviving the project. Church agreed to make Zeleny his third literary executor. He gave Zeleny access to his unpublished works, and encouraged Zeleny to edit and collate them into a comprehensive and definitive collection along with his published works.

### *Zeleny Prepares the "Collected Works" from 1991 through 1998*

20. Between 1991 and 1998, Zeleny worked tirelessly on preparing

the "Collected Works." Among other things he prepared a comprehensive bibliography and typescript of the collected works. He also arranged for his friend Colin McLarty, then chairman of the Philosophy Department of Case Western Reserve University, to interview Church in a retirement community in Hudson, Ohio.

21. Zeleny's work reinvigorated Church's interest in the project. As Church's son, Alonzo Church, Jr., commented at the time, the project "would not have [his] father's support without [Zeleny's] association with it."

22. During this time, Zeleny also researched and composed the first complete bibliography of Church's published works, unpublished manuscripts, and reviews.

23. In mid-1995, Burge, Enderton, and Zeleny presented sample chapters of the "Collected Works" to MIT press, along with publication contract terms, and a submission timeline. From 1995 through 1998, Burge negotiated the terms of publication of the "Collected Works" and Selected Works of Alonzo Church with MIT Press on behalf of himself, Enderton, and Zeleny.

24. Burge, Enderton, and Zeleny agreed that they would share equal billing as editors of the "Collected Works", and would share the royalties equally.

25. By mid-1998, Zeleny reported to Burge and Enderton that he had completed over 1,100 pages of the "Collected Works" typescript, including all of Church's published research papers, two versions of Church's famous book *Introduction to Mathematical Logic*, and approximately 25% of his reviews.

26. This represented near completion of the "Collected Works." Zeleny anticipated completion of the few remaining materials in three to four months.

27. On June 14, 1995, Church's 92nd birthday, Zeleny presented Church the partially completed transcripts of his collected works. Church died two months later on August 11, 1995.

### Zeleny is Blocked from Completing the "Collected Works"

28. In June of 1998, Zeleny, Burge, and Enderton sought permission

from Church's surviving children to access his personal archive to complete the "Collected Works." Church's heirs agreed to allow Burge and others to access certain of Church's archives, but would not allow such access to Zeleny.

29. The efforts to develop the Collected Works stalled. Zeleny believed that it was his primary duty as Church's literary executor to see to it that Church's works were properly preserved and studied. He refused to give up his efforts to properly study the archive of Church's works.

30. The efforts to publish the "Collected Works" stalled. In 1999 and 2000, Zeleny offered to make a substantial financial contribution to complete the project, and urged Burge and Enderton to decide whether to go forward with publication. They declined to move forward with the project.

31. In 2005, Zeleny wrote to Burge and Enderton through counsel, urging them to resolve the issues relating to the project and to move forward with developing the "Collected Works." Zeleny again offered to pursue the project himself if Burge and Enderton were no longer interested.

**Burge and Enderton Attempt to Publish the "Collected Works" Over Zeleny's Objection.**

32. In mid-2005, Burge informed Zeleny that he planned to publish an incomplete, non-definitive version of the "Collected Works."

33. Zeleny immediately objected that the hasty publication of an incomplete version of the "Collected Works" would be academically deficient and contrary to the duties of Burge, Enderton, and Zeleny for the stewardship of Church's literary legacy. Zeleny insisted that a definitive collection of Church's works be completed with appropriate annotations and references to variant readings.

34. Burge responded, stating that he and Enderton intended to publish the incomplete "Collected Works" despite Zeleny's objection.

35. Discussions continued into early 2006, but MIT Press did not publish the "Collected Works."

*Defendants Publish and Distribute the "Collected Works"*

36. On April 29, 2019, Zeleny learned that Burge and MIT Press had published the incomplete version of the "Collected Works." The publication is substantially derived from Zeleny's bibliography, typesetting, and collection of Church's works prepared between 1991 and 1998.

37. Burge and MIT Press did not notify Zeleny of their intention to publish the "Collected Works," or seek Zeleny's consent to publish his portion of the "Collected Works." They did so over Zeleny's expressed objection with notice that he did not consent to the publication.

38. Adding insult to injury, Burge and MIT Press removed Zeleny as an editor from the published version of the "Collected Works," and failed to credit his contribution.

39. On June 19, 2021 Zeleny emailed Burge with an inquiry of the royalties Burge received from the MIT Press for publishing "Collected Works." To date, Burge failed to respond to Zeleny's email.

# FIRST CLAIM
## COPYRIGHT INFRINGEMENT
### (By Zeleny Against All Defendants)

40. Zeleny incorporates by reference each of the preceding paragraphs as though fully set forth herein.

41. Zeleny owns the copyright in his contribution to the "Collected Works," including the collection of works and associated bibliography. Zeleny also owns a copyright registration in the work entitled "Collected Works in Mathematics, Logic, and Philosophy by Alonzo Church," consisting of a compilation of articles. Zeleny has a registered copyright in connection with the Collected Works.

42. Defendants infringed Zeleny's copyright by reproducing, publishing, and distributing the "Collected Works," which was substantially and

preponderately derived from Zeleny's work, without Zeleny's consent.

43. Defendants' infringement of Zeleny's copyright was willful in that Defendants had prior notice that Zeleny did not consent to the publication and affirmatively objected thereto.

## SECOND CLAIM
## BREACH OF FIDUCIARY DUTIES
**(By Zeleny Against Burge)**

44. Zeleny incorporates by reference each of the preceding paragraphs as though fully set forth herein.

45. Burge and Zeleny are partners in the Church Project and, thus, Burge owes Zeleny fiduciary duties of care, loyalty, candor, and good faith.

46. Burge breached his fiduciary duties to Zeleny by, among other things, publishing the Collected Works without Zeleny's consent and without disclosing the contemplated publication or sharing in the proceeds with his partner, Zeleny. Burge's conduct amounted to concealment of material facts and usurpation of partnership opportunity.

47. Zeleny has been harmed by this breach of fiduciary duties in an amount to be proven at trial, including, without limitation, the loss of royalties in connection with the publication of the Collected Works.

## THIRD CLAIM
## BREACH OF CONTRACT
**(By Zeleny Against Burge and the Church Project)**

48. Zeleny incorporates by reference each of the preceding paragraphs as though fully set forth herein.

49. Burge and Zeleny had an oral and/or implied contract to share equally in the royalties from the publication of the Collected Works through the

Church Project. This amounted to a valid and binding contract among them.

50. Zeleny satisfied all of his obligations under this contract by, among other things, his immense work in collecting and compiling the Collected Works, obtaining additional materials to be included in their publication, and preparing and compiling a bibliography of the Collected Works.

51. Burge and the Church Project breached the parties' contract by, among other things, publishing the Collected Works without Zeleny's knowledge or consent, and failing to share in any of the royalties.

52. Zeleny has been damaged by these breaches in an amount to be proven at trial, including, without limitation, the loss of royalties to which he is entitled.

## FOURTH CLAIM
## ACCOUNTING
### (By Zeleny Against Burge and the Church Project)

53. Zeleny incorporates by reference each of the preceding paragraphs as though fully set forth herein.

54. The Church Project is a common law general partnership comprised of Zeleny and Burge as partners.

55. As a partner of the Church Project, Burge has a duty to fully account for all profits and things received in connection with the partnership business, including all royalties and other benefits received through the publication of the Collected Works.

56. Zeleny has demanded an accounting from Burge, but Burge has failed to provide the same.

57. Accordingly, Zeleny is entitled to an equitable accounting of all profits, gains, and benefits obtained by Burge in connection with the Church Project and the publication of the Collected Works.

## **PRAYER FOR RELIEF**

WHEREFORE, Zeleny prays for relief as follows:

1. For a judgment that Defendants have infringed upon Zeleny's copyright in his contribution to the "Collected Works";

2. That Zeleny be awarded the greater of (a) his actual damages and/or Defendants' profits attributable to the infringement, in an amount to be proven at trial; or (b) statutory damages of up to $150,000 per work pursuant to 17 U.S.C. § 504;

3. That Defendants and their respective officers, directors, employees, agents, representatives, affiliates, subsidiaries, distributors, licensees, and all persons acting in concert or participation with them be enjoined from further infringement of Zeleny's copyrights;

4. That Zeleny recover his costs and attorney's fees pursuant to 17 U.S.C. § 505;

5. For punitive damages on account of Defendants' willful infringement;

6. For damages against Burge and the Church Project on account of Burge's breaches of fiduciary duties and breach of contract, in an amount to be proven at trial;

7. For an accounting of all amounts owed; and

8. For such other and further relief as the Court deems just and proper.

Dated: June 22, 2021

Respectfully submitted,

By: s/ Damion Robinson
David W. Affeld
Damion D. D. Robinson
Affeld Grivakes LLP

Attorneys for Plaintiff Michael Zeleny

**DEMAND FOR JURY TRIAL**

Plaintiff demands a jury trial on all matters so triable.

Dated: June 22, 2021

Respectfully submitted,

By: s/ Damion Robinson
David W. Affeld
Damion D. D. Robinson
Affeld Grivakes LLP

Attorneys for Plaintiff Michael Zeleny