VIJAY K. TOKE (SBN 215079)
vijay.toke@pillsburylaw.com
DAVID J. TSAI (SBN 244479)
david.tsai@pillsburylaw.com
PILLSBURY WINTHROP SHAW PITTMAN LLP
Four Embarcadero Center, 22nd Floor
San Francisco, CA 94111-5998
Telephone: 415.983-1000
Facsimile: 415.983.1200

MICHAEL R. KREINER (SBN 316625)
michael.kreiner@pillsburylaw.com
PILLSBURY WINTHROP SHAW PITTMAN LLPs
725 South Figueroa Street, 36th Floor
Los Angeles, CA 90017
Telephone: 213.488.7100
Facsimile: 213.629.1033

Attorneys for Defendant TYLER C. BURGE

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL ZELENY,<br><br>             Plaintiff,<br><br>   vs.<br><br>TYLER C. BURGE; THE ALONZO CHURCH PUBLICATION PROJECT; MIT PRESS; MASSACHUSETTS INSTITUTE OF TECHNOLOGY; and DOES 1 through 20, inclusive,<br><br>             Defendants. | Case No. 2:21-cv-05103-AB-AGR<br><br>**DEFENDANT TYLER C. BURGE'S OPPOSITION TO PLAINTIFF'S MOTION TO DISMISS COUNTERCLAIMS**<br><br>Hearing Date: April 1, 2022<br>Time: 10:00 a.m.<br>Ctrm: 7B<br>Honorable André Birotte Jr. |

TABLE OF CONTENTS

Page(s)

I. INTRODUCTION .................................................................................... 1

II. FACTUAL AND PROCEDURAL BACKGROUND ...................................... 2

III. ARGUMENT ............................................................................................ 3

    A. Legal Standard for a Declaratory Judgment Action and Motion to Dismiss. ................................................................. 3

    B. Zeleny's Improper Attempt to Voluntarily Dismiss Is Evidence That His Copyright Claims Are Meritless, And Rule 41(a)(2) Requires That Professor Burge's Counterclaims Be Independently Adjudicated In Order For The Court To Dismiss Zeleny's Copyright Claims. ........................ 4

    C. Zeleny's Voluntary Dismissal of His Copyright Claim Would Not End The Dispute Between The Parties. ............................... 6

    D. The Court Has Jurisdiction to Hear Professor Burge's Counterclaim For Cancellation of Zeleny's Copyright Registration. ........................................................................................ 10

IV. CONCLUSION ...................................................................................... 12

# TABLE OF AUTHORITIES

## Cases

*Capitol Records, Inc. v. MP3tunes, LLC*,
   611 F. Supp. 2d 342 (S.D.N.Y. 2009) .................................................................9

*Chesebrough-Pond's Inc. v. Faberge, Inc.*,
   666 F.2d 393 (9th Cir. 1982) ...............................................................................3

*Fourth Estate Pub. Benefit Corp. v. Wall-Street.com, LLC*,
   139 S.Ct. 881 (2019) ..........................................................................................11

*Gill v. Momentum Dev., LLC*,
   No. 14-cv-4799-GHK, 2016 WL 11746440 (C.D. Cal. Oct. 20, 2016) .............11

*Infa-Lab, Inc. v. KDS Nail Intern.*,
   No. Civ. 07-01270-WBS, 2008 WL 4793305 (E.D. Cal. Oct. 27, 2008) ............8

*Moofly Prods., LLC v. Favila*,
   No. 13-cv-05866-SJO, 2015 WL 12655380 (C.D. Cal. Feb. 26, 2015) .............11

*Nursing Home Pension Fund, Local 144 v. Oracle Corp.*,
   380 F.3d 1226 (9th Cir. 2004) .............................................................................4

*Strike 3 Holdings LLC v. Doe*,
   No. C17-1731 TSZ, 2020 WL 531996 (W.D. Wash. Feb. 2020), aff'd, 849 Fed.
   Appx. 183 (9th Cir. 2021) ...................................................................................6

*Syntek Semiconductor Co. v. Microchip Tech., Inc.*,
   307 F.3d 775 (9th Cir. 2002) ........................................................................10, 11

## Statutes and Codes

17 United States Code
   Section 505 .......................................................................................................5, 7

The Declaratory Judgment Act ...................................................................................3

## Rules and Regulations

Federal Rules of Civil Procedure
   Rule 41 .......................................................................................................4, 5, 6

Federal Rules of Civil Procedure
    Rule 41(a)(1)(A) ........................................................................................ 4

Federal Rules of Civil Procedure
    Rule 41(a)(2) ..................................................................................... passim

USDC Central District
    Local Rule 7-3 ..................................................................................... 2, 4

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

Zeleny's motion to dismiss Professor Burge's counterclaims, coupled with Zeleny's recent motion for voluntary dismissal and opposition to Professor Burge's motion to dismiss collectively make one thing clear: Zeleny's copyright claim is frivolous and should be dismissed with prejudice. But such a dismissal will not end the controversy between the parties – and thus Professor Burge's counterclaims should be litigated – as Zeleny's assertion of copyright protection, which he has registered, precludes Professor Burge from putting to rest Zeleny's long-standing and unmoored harassment. Without resolution through Professor Burge's counterclaims, there remains an ongoing controversy about ownership and non-infringement of Professor Burge's multi-decade compilation of Alonzo Church's works. Absent the declaratory judgments sought in his counterclaims, Professor Burge runs the very real risk of having Zeleny sue him again for future publications of Church's works or even the same work at issue here if Zeleny, by his own words, discovers at a later date that there are "meaningful damages on his copyright claim." Such a cloud on Professor Burge's title to copyright protection for his work will have a significant chilling effect on Professor Burge's ability to enter into future publishing agreements involving the collected works of Church. That is an untenable reality for an academic seeking to publish additional works on the legacy of one his field's leading minds after already devoting over three decades of scholarship to preserving Church's legacy.

Further, pursuant to Federal Rule of Civil Procedure 41(a)(2), Professor Burge's counterclaims must be allowed to be fully adjudicated if this Court grants Zeleny's pending Motion for Voluntary Dismissal.

Accordingly, Professor Burge's counterclaims are not litigation tactic—as Zeleny accuses—but rather a necessary measure to remove the cloud on title to copyright raised by Zeleny's meritless claims and invalid copyright registration. This Court should therefore deny Zeleny's motion to dismiss and allow Professor Burge's

counterclaims to proceed.

## II. FACTUAL AND PROCEDURAL BACKGROUND

The facts underlying the claims and counterclaims at issue in this case are detailed in Professor Burge's Motion to Dismiss [Dkt. 43] and Answer and Counterclaims [Dkt. 45]. For brevity's sake, Professor Burge will not repeat those facts at length here. However, Professor Burge outlines the facts pertinent to this Opposition below.

Zeleny filed his original Complaint on June 23, 2021 [Dkt. 1], alleging four causes of action: (1) copyright infringement against Professor Burge, the non-existent Alonzo Church Publication Project (the "Church Project"), MIT Press, and the Massachusetts Institute of Technology (MIT Press and the Massachusetts Institute of Technology are referred to collectively as "MIT"); (2) breach of fiduciary duty against Professor Burge; (3) breach of contract against Professor Burge and the Church Project; and (4) accounting against Professor Burge and the Church Project. [Compl., Dkt. 1]. In response, Professor Burge filed a Motion to Dismiss on September 30, 2021. [Dkt. 27].

Zeleny then filed the operative First Amended Complaint ("FAC") on October 21, 2021, now alleging six causes of action: (1) copyright infringement against Professor Burge, the Church Project, and MIT; (2) breach of fiduciary duties against Professor Burge; (3) breach of written contract against Professor Burge and MIT; (4) "breach of the implied covenant" against Professor Burge and MIT; (5) breach of contract against Professor Burge and the Church Project; and (6) accounting against Professor Burge and the Church Project. [Dkt. 34].

The parties then met and conferred pursuant to Local Rule 7-3 regarding Professor Burge's and MIT's motions to dismiss, wherein counsel for Zeleny, recognizing the futility of the copyright infringement cause of action, represented that Zeleny was willing to voluntarily dismiss that claim without prejudice but maintain the remaining state-law claims, knowing that doing so would divest this Court of its

jurisdiction to hear this case, and would potentially allow Zeleny to evade liability for attorneys' fees for having filed a frivolous copyright infringement claim. Having met and conferred without success, Professor Burge filed a motion to dismiss the FAC on November 18, 2021.[1] [Dkt. 43]. Immediately thereafter, Professor Burge filed an Answer and Counterclaims on the same date. [Dkt. 45]. For his Counterclaims, Professor Burge seeks (1) declaratory relief regarding the ownership of the copyright at issue in this case, (2) a declaration of non-infringement of the copyright at issue, and (3) a declaration ordering that Zeleny's copyright registration be canceled or declared invalid. [Dkt. 45].

After Professor Burge and MIT filed their respective motions to dismiss, and now faced with the inevitability of a dismissal with prejudice, Zeleny engaged in negotiations in an effort to resolve the matter. However, Zeleny has now scuttled those negotiations, instead filing this motion to dismiss the counterclaims, while strangely both opposing Professor Burge's Motion to Dismiss but also moving to voluntarily dismiss without prejudice only his copyright infringement claim against Professor Burge. [Dkts. 65, 66].

### III. ARGUMENT

#### A. Legal Standard for a Declaratory Judgment Action and Motion to Dismiss.

Under the Declaratory Judgment Act a federal court is empowered, "[i]n a case of actual controversy within its jurisdiction," to "declare the rights and other legal relations" of parties. 28 U.S.C. § 2201(a). "The Declaratory Judgment Act, 28 U.S.C. s [sic] 2201, allows this court to consider cases in which an 'actual controversy' exists. … [T]he requirements of the Declaratory Judgment Act were satisfied 'if the plaintiff has a real and reasonable apprehension that he will be subject to liability….'" *Chesebrough-Pond's Inc. v. Faberge, Inc.*, 666 F.2d 393, 396 (9th Cir. 1982) (quoting

---

[1] MIT similarly filed a Motion to Dismiss on November 18, 2021.

*Societe de Conditionnement v. Hunter Engineering Co.*, 655 F.2d 938, 944 (9th Cir. 1981)).

As discussed below, there is both a present "actual controversy" between the parties, as well as the threat of continued and future litigation absent a judicial determination of the parties' respective rights.

On a motion to dismiss, "allegations of material fact made in the complaint should be taken as true and construed in the light most favorable to the plaintiff." *Nursing Home Pension Fund, Local 144 v. Oracle Corp.*, 380 F.3d 1226, 1229 (9th Cir. 2004). Notably, in his Opposition, Zeleny relies on facts pleaded in his FAC with which Professor Burge takes issue, but for the purposes of Zeleny's Motion to Dismiss, the allegations in the Counterclaims are to be taken as true.

**B.** **<u>Zeleny's Improper Attempt to Voluntarily Dismiss Is Evidence That His Copyright Claims Are Meritless, And Rule 41(a)(2) Requires That Professor Burge's Counterclaims Be Independently Adjudicated In Order For The Court To Dismiss Zeleny's Copyright Claims.</u>**

Rule 41 permits voluntary dismissal only "before the opposing party serves either an answer or a motion for summary judgment" or pursuant to "a stipulation of dismissal signed by all parties who have appeared." Fed. R. Civ. P. 41(a)(1)(A). Here, Professor Burge filed his Answer to Zeleny's First Amended Complaint on November 18, 2021 [Dkt. 45], well over three months before Zeleny's improper attempt to dismiss. Zeleny does not cite to any authority supporting his assertion that Professor Burge's Answer was "premature," and Professor Burge is unaware of any such authority.

Here, Zeleny filed his original Complaint on June 23, 2021. [Dkt. 1]. After the parties met and conferred pursuant to Local Rule 7-3 prior to Professor Burge's first Motion to Dismiss, Zeleny elected not to amend his Complaint. Professor Burge then filed a Motion to Dismiss on September 30, 2021. Dkt. 27. Recognizing the

1  deficiencies in his original Complaint, Zeleny filed his FAC on October 21, 2021
2  rather than oppose the motion.  Dkt. 34.  As detailed in Professor Burge's currently
3  pending Motion to Dismiss, Zeleny's FAC remains fatally inadequate.
4        Even Zeleny's motion makes a telling admission signaling that this action has
5  never been anything but frivolous.  Specifically, Zeleny admits that his Complaint and
6  FAC were filed without adequate investigation or analysis into the value of the case.
7  *See* Motion, 5:3-7.  Further, Zeleny's improper attempt to voluntarily dismiss his
8  copyright claim in violation of Federal Rule of Civil Procedure 41 is a tacit
9  acknowledgment that the claim is meritless.  *See* Plaintiff Michael Zeleny's Notice of
10 Motion and Motion for Voluntary Dismissal of Copyright Claim [Dkt. 65].  It is
11 significant that Zeleny states that he now wishes to voluntarily dismiss his copyright
12 claim because there is not enough money involved.  Motion, 5:3-7.  The implication is
13 that if sales of Professor Burge's Publication were to substantially increase, Zeleny
14 would simply re-file a copyright infringement complaint.
15       If Zeleny believes he owns the copyright at issue, it is puzzling that he no
16 longer wants a declaration confirming that purported ownership.  Even more curious,
17 it is strange that Zeleny wishes to continue with his state law claims, which are also
18 worth the same small sum as the copyright claim.  Given his intention to maintain his
19 state law claims, which would only recover the same paltry damages, Zeleny's
20 simultaneous Opposition to Professor Burge's Motion to Dismiss and his attempt to
21 voluntarily dismiss his copyright claim only, for lack of damages, are seemingly
22 irreconcilable.
23       The only plausible explanation to reconcile these contradictory—and cross-
24 purposes positions—is that Zeleny's true motivation for his attempt to voluntary
25 dismiss his copyright claim is to avoid liability for attorneys' fees under 17 U.S.C. §
26 505 and to evade having his invalid copyright registration cancelled.  If Zeleny were
27 truly motivated to dismiss because of the *de minimis* damages available, he would be
28 seeking to dismiss the entire action.  The fact that he is not doing so underscores that

his purpose in seeking a voluntary dismissal is not to save resources but to try to escape liability for having brought a meritless copyright action with inadequate investigation while also retaining his invalid copyright registration in case he wants to sue Professor Burge for future publications incorporating Church's works.

As discussed in more detail in Professor Burge's Opposition to Zeleny's Motion for Voluntary Dismissal, this Court should not allow Zeleny to attempt to escape liability by selectively seeking to voluntarily dismiss only part of his claims. If, however, the Court is inclined to grant Zeleny's request for dismissal, it can only do so if Professor Burge's counterclaims "can remain pending for independent adjudication." Fed. R. Civ. P. 41(a)(2); see also *Strike 3 Holdings LLC v. Doe*, No. C17-1731 TSZ, 2020 WL 531996, at *4-6 (W.D. Wash. Feb. 2020) (counterclaims in copyright infringement case, including for non-infringement, continued to be litigated after voluntary dismissal of affirmative copyright infringement claim by plaintiff), aff'd, 849 Fed. Appx. 183, 185-86 (9th Cir. 2021). Judicial economy is best served by reaching a final determination on the claims alleged in Professor Burge's counterclaims, as they are already before the Court. Otherwise, this decades-long feud will endure unnecessarily. Professor Burge seeks a final disposition of this dispute once and for all. As discussed below, his counterclaims, coupled with his pending Motion to Dismiss, will accomplish just that. They should therefore continue on under Rule 41.

### C. Zeleny's Voluntary Dismissal of His Copyright Claim Would Not End The Dispute Between The Parties.

Zeleny's arguments that Professor Burge filed his Answer and Counterclaims for some nefarious purpose or that the Counterclaims are "duplicative" misconstrues both the law and the necessity of Professor Burge's Counterclaims to fully resolve the dispute between the parties. Zeleny's attempt to voluntarily dismiss without prejudice – procedurally improper though it is – still leaves open the question of copyright ownership.

The cloud on the title of the copyright in Professor Burge's existing Publication caused by Zeleny's multiple complaints has already and will continue to interfere with Professor Burge's future publications related to Church's works. Further, with Zeleny's invalid copyright registration intact, Professor Burge cannot ensure Zeleny will not sue him again for future publications incorporating Church's works, and Professor Burge's ability to secure a publisher would be significantly hampered if not completely destroyed.

Further, because any future publication by Professor Burge would post-date Zeleny's copyright registration date, that could entitle Zeleny to seek broader remedies such as statutory damages and attorneys' fees. This sword of Damocles-like threat will undoubtedly dissuade Professor Burge from writing on Church's works—a chilling effect that could constitute copyright misuse—as well as hamper Professor Burge's ability to find publishers willing to take the risk of an infringement suit like this one. Therefore, to the extent Zeleny is successful in voluntarily dismissing his copyright infringement claim without prejudice, Professor Burge's Counterclaim for declarations of ownership, non-infringement, and validity are nonetheless necessary to allow for future use of Professor Burge's valid copyright and to do so without fear of another suit by Zeleny.[2] They are therefore not duplicative of Zeleny's affirmative copyright claims.

The authority Zeleny cites in his motion actually proves this point. Specifically, Zeleny relies upon *Guerra v. Sutton* for the proposition that declaratory relief is appropriate "when the judgment will serve a useful purpose in clarifying and settling the legal relations at issue…." 783 F.2d 1371, 1376 (9th Cir. 1986). Here, Zeleny's FAC is limited to allegations of copyright infringement against Defendants.

---

[2] As argued in his opposition to Zeleny's Motion for Voluntary Dismissal, Professor Burge asserts he will be severely prejudiced by a dismissal without prejudice. If the Court is at all inclined to allow Zeleny to dismiss his copyright claims, Professor Burge requests that such dismissal be with prejudice and be conditioned on Zeleny paying Professor Burge's attorneys' fees in this action pursuant to 17 U.S.C. § 505.

As an initial matter, if Zeleny is permitted to voluntarily dismiss his infringement claim—which he should not be—Professor Burge's claim for a declaration of non-infringement would remain necessary to clarify the parties' rights regarding alleged infringement.

Notwithstanding the parties' copyright infringement claims, Professor Burge's counterclaim seeking a declaration clarifying *ownership* of the copyright in his own Publication is a wholly distinct question from that of infringement of Zeleny's Collected Works, and that declaration is necessary to permit Professor Burge to exploit his copyright for future publications. *Cf. Infa-Lab, Inc. v. KDS Nail Intern.*, No. Civ. 07-01270-WBS, 2008 WL 4793305, at *3 (E.D. Cal. Oct. 27, 2008) (defendant must "identify how resolution of his proposed counterclaim will alter the parties' legal relationship in a way different from the resolution of his existing claims.").

Because the issue of copyright ownership is distinct from the issue of non-infringement – particularly where, as here, there are two separate works at issue – Professor Burge's declaratory relief causes of action are not, as Zeleny argues, duplicative of Zeleny's copyright infringement cause of action. The Court may, and should, reach the merits of Professor Burge's declaratory relief counterclaim regarding ownership of his Publication.

Further, the validity of Zeleny's copyright registration is a crucial issue that must be decided to truly end the dispute between the parties. As long as Zeleny has a copyright registration in his alleged compilation of Church's work, he has a right to bring an action for infringement against anyone, including Professor Burge. However, as Professor Burge's counterclaims and motion to dismiss allege, Zeleny has no original content in his alleged compilation such that there is no copyright protection for it and his registration is invalid. If the Court does not address this important issue, the dispute between the parties will not be fully resolved, and Professor Burge will always have a cloud on the rights in his existing Publication and a reasonable

apprehension of being subjected to subsequent suits by Zeleny for his current and future publications incorporating Church's works.

For this same reason, Zeleny's reliance upon *Super-Sparkly Safety Stuff, LLC v. Skyline USA, Inc.* is also inapposite. Motion, 6:14-20 (quoting No. 18-cv-0587-N, 2019 WL 4860959, at *2 (N.D. Tex. Oct. 2, 2019)). Professor Burge does not, as Zeleny asserts, seek declaratory relief "simply to limit [Zeleny's] ability to move for dismissal of [his] claims." Rather, as discussed above, in light of Zeleny's contentions, Professor Burge has a tangible immediate need for a judicial determination regarding ownership in the copyright in his Publication, and as to the validity of Zeleny's copyright, not only to permit Professor Burge to continue his academic work without threat, but also to avoid the inevitability of Zeleny filing the same copyright claims again at a later date in response to Professor Burge's future publications (or even the current one).

Further, even if Professor Burge's counterclaims were determined to be duplicative of Zeleny's copyright infringement claim, which they are not, the Court may permit the counterclaims to go forward because doing so would not prejudice Zeleny. *See Capitol Records, Inc. v. MP3tunes, LLC*, 611 F. Supp. 2d 342, 348 (S.D.N.Y. 2009). In *Capitol Records*, the Southern District of New York denied the plaintiff's motion to dismiss the defendant's duplicative declaratory judgment claim regarding non-infringement because "there [was] no harm to Plaintiffs in letting these claims stand." *Id.* Specifically, "[a]llowing the counterclaim to remain *ensures that the dispute will be resolved, even if Plaintiffs decide not to pursue their claims*," as Zeleny attempts here. *Id.* (emphasis added). And as noted above, Rule 41(a)(2) explicitly requires that those counterclaims be allowed to continue for independent adjudication in order for the Court to be authorized to dismiss Zeleny's copyright infringement claim.

Indeed, if Zeleny can voluntarily dismiss his copyright claim without prejudice at this stage, there is nothing stopping him from pursuing the same claim again. Even

a dismissal *with* prejudice, without a declaration of Professor Burge's ownership of copyright in his existing Publication and the invalidity of Zeleny's copyright registration, would not likely preclude a subsequent suit by Zeleny based on future publications by Professor Burge.[3]  Thus, Professor Burge's counterclaims must be allowed to continue in order to address the issues raised in this dispute.

Further, because Professor Burge's declaratory relief counterclaims regarding ownership and validity of the copyrights at issue are thus distinct from Zeleny's copyright infringement claim such that a judgment of non-infringement would not fully resolve all issues of ownership or validity of the parties' respective copyrights, and because there is no harm to Zeleny in letting those claims stand, the counterclaims are proper and Zeleny's motion should be denied.

### D. The Court Has Jurisdiction to Hear Professor Burge's Counterclaim For Cancellation of Zeleny's Copyright Registration.

Zeleny argues that the Court cannot "rule on copyright cancellation in the first instance because this issue is within the primary jurisdiction of the Copyright Office." Motion, 7:26-8:1 (citing *Syntek Semiconductor Co. v. Microchip Tech., Inc.*, 307 F.3d 775, 780-82 (9th Cir. 2002)).  Zeleny misconstrues and overstates the holding in *Syntek*.

In *Syntek*, the Ninth Circuit explained that the doctrine of primary jurisdiction is not one that implicates the subject matter of the federal courts. *Id.* at 780.  In other words, while federal courts have subject matter jurisdiction to invalidate copyright registrations, they may in their discretion defer to the Copyright Office if they determine that the facts of the case dictate deferring to the administrative agency.  In this manner, the primary jurisdiction doctrine is merely "a *prudential doctrine* that permits a federal court 'under appropriate circumstances' to refer a matter to an administrative agency to make an initial determination 'when a claim is cognizable in

---

[3] Professor Burge, of course, reserves all his rights, remedies, and defenses to any such future suit, including without limitation the defenses raised in this case.

federal court but requires resolution of an issue of first impression, or of a particularly complicated issue that Congress has committed to a regulatory agency.'" *Id.* (quoting *Brown v. MCI WorldCom Network Servs., Inc.*, 277 F.3d 1166, 1172 (9th Cir. 2002)). Further, "the doctrine of primary jurisdiction is committed to the sound discretion of the court when 'protection of the integrity of a regulatory scheme dictates preliminary resort to the agency which administers the scheme.'" *Id.* (quoting *United States v. General Dynamics Corp.*, 828 F.2d 1356, 1362 (9th Cir. 1987)).

*Syntek* involved a novel and technical issue regarding the validity of the defendant's copyright registration. *Id.* Specifically, the plaintiff argued that the defendant's deposit copy of source code it had decompiled from the object code on its microcomputers "did not comply with the applicable regulations as it is not a bona fide copy of the original source code." *Id.* Because this posed a novel, and technical, question as to the validity of the registration that was beyond the expertise of the court, the Ninth Circuit referred the matter to the Copyright office. *Id.* at 782.

Here, the circumstances do not support deferring to the Copyright Office to address the invalidity of Zeleny's copyright registration. There is no novel question here as there was in *Syntek*.[4] Indeed, there can be no dispute that federal courts may make determinations regarding the ownership or validity of a copyright. *See, e.g., Gill*

---

[4] Zeleny attempts to argue that this is a complex copyright case that does not warrant his expenditure of resources because of the complexity of the software code at issue. Zeleny is incorrect. As explained in Professor Burge's Motion to Dismiss, Zeleny's computer code over which he claims copyrights is not part of his registration. [Dkt. 43, 4-5 and 8-9] And because Zeleny must have a copyright registration for any work he wishes to sue for infringement of, the computer code is not at issue here. *Fourth Estate Pub. Benefit Corp. v. Wall-Street.com, LLC*, 139 S.Ct. 881, 886-87 (2019) (requiring a copyright registration in a work prior to bringing an infringement suit relating to it). Thus, the only issue before this Court is whether Zeleny has sufficiently shown that his compilation of Church's works contains the requisite creativity or originality such that there are protectable elements to his work. As explained in this section and Professor Burge's Motion to Dismiss [Dkt. 43], this is a routine analysis courts in this District have undertaken many times.

1  *v. Momentum Dev., LLC*, No. 14-cv-4799-GHK, 2016 WL 11746440, at *3-7 (C.D.
2  Cal. Oct. 20, 2016); *Moofly Prods., LLC v. Favila*, No. 13-cv-05866-SJO, 2015 WL
3  12655380, at *5 (C.D. Cal. Feb. 26, 2015).  Courts, including in legion opinions from
4  this District, routinely determine whether a particular literary work contains any
5  copyrightable elements such that it is worthy of copyright protection.  Thus, unlike in
6  *Syntek*, the invalidity of Zeleny's copyright registration is based on a fundamental
7  question of copyright law that courts in this District have applied many times.
8        Since this Court is well-equipped to assess whether Zeleny's compilation is
9  worthy of copyright protection, it is by extension well-positioned to address the
10  validity of Zeleny's copyright registration.  Applying these basic principles of
11  copyright law in this case will also yield the most efficient and final disposition of the
12  dispute between the parties.
13        Professor Burge therefore respectfully requests that this Court deny Zeleny's
14  motion and allow the copyright validity counterclaim to proceed.

## IV. CONCLUSION

16        Professor Burge has a reasonable apprehension of continued litigation regarding
17  future publications incorporating Church's works.  This litigation, and Zeleny's
18  copyright registration, creates a cloud over the title of Professor Burge's copyright in
19  the Publication and any future publications.  In addition, the threat of future litigation
20  should Zeleny be permitted to voluntarily dismiss his copyright claim without
21  prejudice requires a final determination of the parties' respective rights—specifically,
22  the validity of Zeleny's dubiously-obtained copyright registration.  Rule 41(a)(2), too
23  requires, that Professor Burge's counterclaims continue if the Court is inclined to
24  grant Zeleny's Motion to Voluntarily Dismiss his copyright calsim.  Based on the
25  foregoing, Professor Burge respectfully requests that Zeleny's motion to dismiss be
26  denied in its entirety.
27  ///
28  ///

| | | |
|---|---|---|
| 1 | Dated: March 11, 2022 | PILLSBURY WINTHROP SHAW PITTMAN LLP |

By: /S/ VIJAY K TOKE
    VIJAY K. TOKE
    DAVID J. TSAI
    MICHAEL R. KREINER

Attorneys for Defendant Tyler C. Burge