VIJAY K. TOKE (SBN 215079)
vijay.toke@pillsburylaw.com
DAVID J. TSAI (SBN 244479)
david.tsai@pillsburylaw.com
PILLSBURY WINTHROP SHAW PITTMAN LLP
Four Embarcadero Center, 22nd Floor
San Francisco, CA  94111-5998
Telephone:   415.983-1000
Facsimile:    415.983.1200

MICHAEL R. KREINER (SBN 316625)
michael.kreiner@pillsburylaw.com
PILLSBURY WINTHROP SHAW PITTMAN LLP
725 South Figueroa Street, 36th Floor
Los Angeles, CA 90017
Telephone:       213.488.7100
Facsimile:        213.629.1033

Attorneys for Defendant TYLER C. BURGE

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL ZELENY,<br><br>                    Plaintiff,<br><br>        vs.<br><br>TYLER C. BURGE; THE ALONZO CHURCH PUBLICATION PROJECT; MIT PRESS; MASSACHUSETTS INSTITUTE OF TECHNOLOGY; and DOES 1 through 20, inclusive,<br><br>                    Defendants. | Case No. 2:21-cv-05103-AB-AGR<br><br>**DEFENDANT TYLER C. BURGE'S OPPOSITION TO PLAINTIFF'S MOTION FOR VOLUNTARY DISMISSAL OF COPYRIGHT CLAIM**<br><br>Hearing Date:  April 1, 2022<br>Time:  10:00 a.m.<br>Ctrm:   7B<br><br>Honorable André Birotte Jr. |

# <u>TABLE OF CONTENTS</u>

**Page(s)**

MEMORANDUM OF POINTS AND AUTHORITIES ............................................. 1

I.      INTRODUCTION ....................................................................... 1

II.     FACTUAL AND PROCEDURAL BACKGROUND ...................................... 2

III.    ARGUMENT................................................................................. 3

    A.      Professor Burge's Answer Bars Plaintiff From
        Unilaterally Voluntarily Dismissing His Copyright
        Claim Under Rule 41. ............................................................. 3

    B.      Professor Burge Will Be Prejudiced If Zeleny Is
        Able To Dismiss His Copyright Claim. ................................. 4

    C.      If This Court Is Inclined To Grant Zeleny's Motion
        For Voluntary Dismissal, It Should Dismiss the FAC
        In Its Entirety With Prejudice And Condition The Dismissal
        on Zeleny's Being Required To Reimburse Professor Burge
        For His Attorneys' Fees. ....................................................... 8

    D.      If This Court Grants Zeleny's Voluntary Dismissal,
        Professor Burge's Counterclaims Should Be Maintained. .................. 10

IV.     CONCLUSION ........................................................................... 11

DEFENDANT TYLER C. BURGE'S OPPOSITION TO PLAINTIFF'S MOTION FOR VOLUNTARY DISMISSAL
OF COPYRIGHT CLAIM

Case No: 2:21-cv-05103-AB-AGR

1

# <u>TABLE OF AUTHORITIES</u>

2

Page(s)

3

<u>Cases</u>

4
5
*Fourth Estate Pub. Benefit Corp. v. Wall-Street.com, LLC*,
   139 S.Ct. 881 (2019)............................................................................6

6
7
*Lau v. Glendora School District*,
   792 F.2d 929 (9th Cir. 1986) ...............................................................9

8
9
*Strike 3 Holdings, LLC v. Doe*,
   No. C17-1731 TSZ, 2020 WL 531996 (W.D. Wash. Feb. 2020), *aff'd*, 849 Fed.
   Appx. 183 (9th Cir. 2021) .................................................5, 9, 10, 11

10
11
*Swedberg v. Marotzke*,
   339 F.3d 1139 (9th Cir. 2003) .............................................................4

12
13
*Terrevona v. Kincheloe*,
   852 F.2d 424 (9th Cir. 1988) ...............................................................4

14
15
*Westlands Water District v. United States*,
   100 F.3d 94 (9th Cir. 1996) ............................................................4, 8

16
17
*Woytenko v. Ochoa*,
   2021 WL 763879 (D. Ariz. Feb. 26, 2021) .........................................8

18

<u>Statutes and Codes</u>

19
20
United States Code
   Title 17 Section 505..................................................................*passim*
   Title 17 Section 505............................................................................11

21
22
Copyright Act.........................................................................................5
   Section 412 .....................................................................................5, 6

23

<u>Rules and Regulations</u>

24
25
Federal Rules of Civil Procedure
   Rule 41 ...................................................................................1, 3, 9

26
   Rule 41(a)(1)(A)(i) ............................................................................3
   Rule 41(a)(2)......................................................................*passim*

27

28

DEFENDANT TYLER C. BURGE'S OPPOSITION TO PLAINTIFF'S MOTION FOR VOLUNTARY DISMISSAL
OF COPYRIGHT CLAIM

Case No: 2:21-cv-05103-AB-AGR

## <u>MEMORANDUM OF POINTS AND AUTHORITIES</u>

## I.  <u>INTRODUCTION</u>

Federal Rule of Civil Procedure 41 ("Rule 41") is clear:  Once a defendant has filed an answer or summary judgment motion, the plaintiff may *not* file a unilateral dismissal of the case.  Here, Professor Burge filed his motion to dismiss under Rule 12 and shortly thereafter filed an answer.  Nothing in the Federal Rules precludes a party from doing so, and Zeleny has provided no authority to the contrary.

Zeleny's proposed dismissal without prejudice of only the copyright infringement claim, if granted, would not resolve the dispute between the parties, but rather potentially move it to a different forum that would have to consider whether it had jurisdiction to hear the preempted state law claims.  Recognizing this, Professor Burge chose instead to move forward with a motion to dismiss *with* prejudice Zeleny's non-meritorious copyright and related preempted or time-barred state law claims.  Professor Burge also filed an answer and counterclaims seeking a declaration from this Court that his work does not infringe, that he owns the copyrights to his own Publication, and that Zeleny's copyright registration is invalid and should be cancelled.  These pleadings—far from being some nefarious tactic by Professor Burge—were prudent motion practice and pleadings aimed at ending this decades-long dispute with Zeleny once and for all.

Indeed, Zeleny's proposal that he could dismiss his copyright claim alone without prejudice would not end the dispute between the parties and would cause material legal prejudice on Professor Burge.  If Zeleny's motion were granted, and a dismissal without prejudice issued, Professor Burge could be subject to a claim for statutory damages and attorneys' fees are only available where, unlike here, the alleged infringement began after the copyright registration issued.  In this current action, the alleged infringement began after Zeleny's copyright registration issued, so Zeleny is not entitled to either statutory damages or attorneys' fees—a fact he

1

1   conceded when he removed his prayer for such remedies between his original

2   complaint and the FAC.

3          Further, a voluntary dismissal without prejudice would make this case far more

4   complex and time-consuming to litigate.  With no remaining federal claim, this Court

5   could rule it no longer has jurisdiction over Zeleny's state claims—forcing Professor

6   Burge to litigate preemption and the deficiencies in those state claims before a state

7   court—when the deficiencies in Zeleny's state law claims are all already fully briefed

8   before this Court.  Judicial economy supports having the issue decided now.  If the

9   Court instead grants the dismissal Zeleny seeks, this constitutes additional legal

10  prejudice to Professor Burge.

11         In short, nothing in Zeleny's motion for voluntary dismissal would resolve the

12  controversy between the parties.  If anything, it would "kick the can down the road"

13  and Zeleny would retain the ability to refile his action and hang his invalid, but

14  subsisting, copyright registration like a Damoclesian sword over Professor Burge—

15  the next time with the potential prospect of statutory damages and attorneys' fees.

16  Judicial economy is best served by reaching a final determination on this issue, as it

17  has already been pending before the Court for nearly nine months.

18         This Court should therefore deny Plaintiff's motion for voluntary dismissal and

19  rule on Professor Burge's pending motion to dismiss, while allowing Professor

20  Burge's counterclaims to proceed.  In the alternative, if this Court is inclined to deny

21  Professor Burge's Motion to Dismiss and grant Zeleny's request for voluntary

22  dismissal, it should dismiss the case in its entirety with prejudice and grant Professor

23  Burge his reasonable attorneys' fees under 17 U.S.C. § 505, subject to a subsequent

24  motion for attorneys' fees.

## II.   FACTUAL AND PROCEDURAL BACKGROUND

26         For brevity's sake, Professor Burge refers this Court to his Motion to Dismiss

27  [Dkt. 43] for the overarching factual background of this case.  However, with respect

28

DEFENDANT TYLER C. BURGE'S OPPOSITION TO PLAINTIFF'S MOTION FOR VOLUNTARY DISMISSAL
OF COPYRIGHT CLAIM

Case No: 2:21-cv-05103-AB-AGR

1    to the meet and confer conducted by the parties regarding Professor Burge's motion to

2    dismiss the First Amended Complaint ("FAC"), Professor Burge submits the

3    Declaration of Vijay K. Toke filed herewith ("Toke Decl.").

4        The parties conducted a meet and confer on or about November 18, 2021 by

5    telephone.  Toke Decl., ¶ 2.  Zeleny's counsel indicated he might be willing to dismiss

6    the copyright claim while retaining the remaining state law claims in the complaint.

7    *Id.*  In response, counsel for Professor Burge noted that such a dismissal of the

8    copyright claim would not fully resolve the dispute and could result in this Court's

9    loss of subject matter jurisdiction.  *Id.*, ¶ 3.  Zeleny's counsel acknowledged these

10   facts and indicated Zeleny would likely refile his state law claims in California state

11   court.  *Id.*  Professor Burge's counsel indicated they would discuss Zeleny's proposal

12   but that the voluntary dismissal of the copyright claim alone, without also dismissing

13   the state law claims, was not likely a course Professor Burge would agree to since he

14   and his counsel strongly believed Zeleny's copyright claim has no basis and should be

15   decided on its merits.  *Id.*

### III.   ARGUMENT

#### A.   Professor Burge's Answer Bars Plaintiff From Unilaterally Voluntarily Dismissing His Copyright Claim Under Rule 41.

19       Federal Rule of Civil Procedure 41 allows a plaintiff to unilaterally and

20   voluntarily file a dismissal of a claim or complaint without a court order *unless* the

21   opposing party has filed an answer or motion for summary judgment.  Fed. R. Civ. P.

22   41(a)(1)(A)(i).  Once an answer or summary judgment motion has been filed, then the

23   plaintiff may no longer do so and may then only seek dismissal through a stipulation

24   of dismissal with the affected parties, or by filing a motion and obtaining leave from

25   the court to dismiss.  Fed. R. Civ. P. 41(a)(1) and (a)(2).   Furthermore, where a

26   counterclaim is pending, Rule 41(a)(2) only allows the requested dismissal over the

27   defendant's objection if the defendant's counterclaim can continue to be litigated.

28

-3-

1   Fed. R. Civ. P. 41(a)(2).

2          Here, Professor Burge filed his answer and counterclaims prior to Zeleny's

3   filing a unilateral notice of dismissal.  Zeleny's opposition provides no authorities, but

4   plenty of unsubstantiated accusations, to support his contention that Professor Burge's

5   answer and counterclaims were "premature" or otherwise filed for improper purpose.

6   Professor Burge likewise is not aware of any such authorities.  Indeed, the Ninth

7   Circuit has recognized that a defendant may file an answer while a motion to dismiss

8   is pending. *See Swedberg v. Marotzke*, 339 F.3d 1139, 1146 (9th Cir. 2003) (while a

9   motion to dismiss is pending, "Defendants continue to enjoy the protection of [Rule

10  41(a)(1)], in that they may prevent unilateral dismissal by serving plaintiff with an

11  answer").  Here, Professor Burge filed his motion to dismiss and shortly thereafter

12  filed his answer and counterclaims.  Under *Swedberg*, the filing of Professor Burge's

13  answer and counterclaims was perfectly proper.

14         The effect of Professor Burge's answer and counterclaims is that Zeleny may

15  not unilaterally file a Notice of Dismissal and instead must seek a court order allowing

16  for dismissal of his copyright claim.  For the reasons set forth below, Zeleny is not

17  entitled to a dismissal of his copyright claim under Rule 41.

18     **B.  <u>Professor Burge Will Be Prejudiced If Zeleny Is Able To Dismiss His</u>**

19         **<u>Copyright Claim</u>.**

20         While courts have discretion on whether, and with what conditions or

21  obligations, a dismissal may be granted, courts should not grant dismissal under Rule

22  41(a)(2) if the defendant in question will suffer some legal prejudice by the

23  dismissal—*e.g.*, "prejudice to some legal interest, some legal claim, some legal

24  argument." *Westlands Water District v. United States*, 100 F.3d 94, 97 (9th Cir.

25  1996).  Courts can consider whether the plaintiff is only seeking a voluntary dismissal

26  to avoid a near-certain adverse ruling. *Terrevona v. Kincheloe*, 852 F.2d 424, 429

27  (9th Cir. 1988).

28

-4-

Here, Zeleny is patently trying to avoid an adverse ruling in order to maintain his copyright registration in his unprotectable compilation.  As explained further in Professor Burge's Motion to Dismiss [Dkt. 63] and Reply Brief [Dkt. 73], the FAC identifies no creative or original components of Zeleny's alleged compilation of Church's works, and Zeleny's prosecution history with the Copyright Office also reveals false statements that he made in order to obtain his registration.  An adverse decision is therefore likely, and Zeleny has filed this Motion for Voluntary Dismissal to avoid that decision and preserve a copyright registration (and all the rights and remedies appurtenant to it) to which he is not entitled.

Perhaps more urgently, Zeleny is seeking to avoid having to pay Professor Burge's attorney's fees under 17 U.S.C. § 505.  *See Strike 3 Holdings, LLC v. Doe*, No. C17-1731 TSZ, 2020 WL 531996, at *4-6 (W.D. Wash. Feb. 2020) (awarding attorneys' fees where copyright infringement voluntarily dismissed without prejudice, ostensibly to attempt to avoid paying attorneys' fees), *aff'd*, 849 Fed. Appx. 183, 185-86 (9th Cir. 2021).  As held in *Strike 3 Holdings*, filing a unilateral voluntary dismissal without prejudice to avoid paying attorneys' fees in a copyright infringement action is not appropriate.  Such is the case here.  If the *de minimis* damages in this action were truly the reason he is seeking dismissal, Zeleny would have sought to dismiss all his claims.  He did not do so.  The obvious reason is that Zeleny seeks to avoid losing his copyright registration and to evade paying Professor Burge's attorneys' fees for having filed a frivolous lawsuit.

Further, Professor Burge will be severely prejudiced by a dismissal without prejudice.  Specifically, Professor Burge will be potentially subject to a claim for statutory damages and attorneys' fees under the Copyright Act if Zeleny is allowed to exit this litigation without a court finding that he has no copyright protection in his claimed compilation for lack of creativity or originality.

DEFENDANT TYLER C. BURGE'S OPPOSITION TO PLAINTIFF'S MOTION FOR VOLUNTARY DISMISSAL OF COPYRIGHT CLAIM
Case No: 2:21-cv-05103-AB-AGR

Professor Burge is not subject to statutory damages or attorneys' fees under the Copyright Act in this action because the alleged infringement in this case began well before Zeleny's copyright registration issued.  Section 412 of the Copyright Act expressly forecloses statutory damages or attorneys' fees for affirmative copyright infringement claims where (1) "infringement of copyright in an *unpublished* work commenced before the effective date of its registration," or (2) the alleged infringement "commenced after first publication and before the effective date of its registration, unless registration is made within three months after first publication of the work."  17 U.S.C. § 412 (emphasis added).[1]  Zeleny conceded this issue when he omitted any prayer for statutory damages or attorneys' fees in the FAC.  *Compare* Dkt. 1, Prayer Paragraphs 2(b) and 4, *with* Dkt. 34, Prayer, which omits any request for statutory damages or attorneys' fees.

Nonetheless, Professor Burge asserts in his pending Motion to Dismiss that Zeleny's claimed compilation—the only work for which he has a copyright registration—contains no copyright protectable material.[2]  If Professor Burge is not

---

[1] *See* Professor Burge's argument regarding this issue in his first motion to dismiss filed in this action [Dkt. 27, pp 23-24].

[2] Zeleny attempts to argue in his Motion for Voluntary Dismissal that this is a complex copyright case that does not warrant the expenditure because of the lack of damages and complexity of the software code at issue.  Zeleny is incorrect and tries to infuse this case with complexity that does not exist.  As explained in Professor Burge's Motion to Dismiss, Zeleny's computer code over which he claims copyrights is not part of his registration.  Dkt. 43, 4-5 and 8-9.  And because Zeleny must have a copyright registration for any work he wishes to sue for infringement of, the computer code is not at issue here.  *Fourth Estate Pub. Benefit Corp. v. Wall-Street.com, LLC*, 139 S.Ct. 881, 886-87 (2019) (requiring a copyright registration in a work prior to bringing an infringement suit relating to it).  Thus, the only issue before this Court is whether Zeleny has sufficiently shown that his compilation of Church's works contains the requisite creativity or originality such that there are protectable elements to his literary work.  This is a routine analysis courts in this District have done many times.

-6-

allowed to fully adjudicate this crucial issue, and instead Zeleny is able to walk away with a dismissal without prejudice (with copyright registration intact and unscathed), Professor Burge could be subject to statutory damages or attorneys' fees in a subsequent suit by Zeleny for a newly published work by Professor Burge incorporating Church's works, which have been a focus of Professor Burge's scholarship for over three decades.

While Professor Burge would have the same arguments for why Zeleny's works are not subject to copyright protection in a subsequent suit—and he would vociferously argue the same lack of copyright protection for Zeleny's works—the potential availability of statutory damages and fee-shifting would be a significant factor in the case that Professor Burge indisputably need not contend with in this action but would potentially have to in the next.[3]  Given these significantly greater potentially available remedies—especially since lack of damages is what Zeleny claims is the basis for his request to voluntarily dismiss his copyright claim— Professor Burge would be severely legally prejudiced if he were not able to fully litigate his Motion to Dismiss and counterclaims now.

Further, dismissing only the copyright claim does not end this dispute; the state law claims would remain, which would render this case far more complex and time-consuming to litigate.  With only state law claims remaining, the first debate would be whether the Court can and should maintain subject matter jurisdiction over those state claims.  But Professor Burge also believes the state law claims are preempted by Zeleny's copyright claim.  With no remaining underlying copyright claim, it is unclear

---

[3] Professor Burge reserves all his rights, remedies, and defenses with respect to any prayer by Zeleny for statutory damages or attorneys' fees.  For the purposes of this opposition, however, Professor Burge points out the legal prejudice he would suffer if Zeleny were granted a voluntary dismissal without prejudice—i.e., that Zeleny would likely argue that he is entitled to these additional remedies in a subsequent action, which he has conceded he cannot recover in this one.

1  which court could or would hear this preemption argument.  This quandary could

2  leave Professor Burge in the position of having a federal court divested of subject

3  matter jurisdiction such that it cannot decide preemption of only state law claims, or

4  forcing him to litigate preemption before a state court.  Either way, it would

5  negatively impact Professor Burge's ability to efficiently litigate these claims since

6  they are fully briefed before this Court now.  This, too, amounts to a legal prejudice

7  contemplated by *Westlands Water District*, 100 F.3d at 97.

8        In sum, Zeleny should not be allowed to dismiss his copyright claim without

9  prejudice here.  To do so would severely harm Professor Burge's legal position.

10  Instead, Zeleny's Motion to Voluntarily Dismiss should be denied, and Professor

11  Burge's Motion to Dismiss Zeleny's copyright infringement claim and Professor

12  Burge's counterclaims should be allowed to proceed.

13      **C. If This Court Is Inclined To Grant Zeleny's Motion For Voluntary**

14          **Dismissal, It Should Dismiss the FAC In Its Entirety With Prejudice**

15          **And Condition The Dismissal on Zeleny's Being Required To**

16          **Reimburse Professor Burge For His Attorneys' Fees.**

17        Rule 41(a)(2) allows a court to grant a voluntary dismissal on terms the court

18  deems proper.  Fed. R. Civ. P. 41(a)(2).  Courts consider the following factors for

19  determining whether dismissal should be with or without prejudice: "(1) the

20  defendant's effort and expense involved in preparing for trial; (2) excessive delay and

21  lack of diligence on the part of the plaintiff in prosecuting the action; and (3)

22  insufficient explanation of the need to dismiss." *Woytenko v. Ochoa*, 2021 WL

23  763879, *5 (D. Ariz. Feb. 26, 2021).  If this Court is inclined to grant Zeleny's

24  motion, it should do so with prejudice and should grant Professor Burge his attorneys'

25  fees under 15 U.S.C. § 505.

26        Under the circumstances in this case, dismissal with prejudice is warranted.

27  First, Professor Burge has had to incur the considerable expense of having to twice

28

-8-

file motions to dismiss copyright claims that Zeleny admits he should not have filed, purportedly because of the minimal damages.  Dkt. 63, 5:3-7 (stating Zeleny only engaged in "informal investigation" into analyzing the damages for the copyright claim).  Second, given the weakness of his copyright and other claims, Zeleny is now seeking to backpedal to avoid a serious adverse ruling that could result in his having to pay Professor Burge's attorneys' fees for having brought a copyright claim without adequate investigation into its merits and damages.  *See* 17 U.S.C. § 505 (allowing for the Court, in its discretion, to grant costs in this suit, including attorneys' fees to prevailing defendant).

Likewise, the grant of attorneys' fees is appropriate here.  At least one district court in the Ninth Circuit has granted attorneys' fees after a voluntary dismissal of a copyright claim under Rule 41.  *Strike 3 Holdings*, 2020 WL 531996, at *4-*6 (awarding attorneys' fees where copyright infringement voluntarily dismissed without prejudice, but the court granted summary judgment on counterclaim for non-infringement and accordingly granted attorneys' fees), *aff'd*, 849 Fed. Appx. 183, 185-86 (9th Cir. 2021).  Other courts have also granted dismissals subject to payment of the defendant's costs and attorneys' fees.  *See, e.g., Lau v. Glendora School District*, 792 F.2d 929, 931 (9th Cir. 1986) (affirming court's exercise of discretion to condition voluntary dismissal on payment of defendant's attorneys' fees but remanding to court to provide plaintiff with choice of denial of voluntary dismissal or grant of dismissal subject to payment of attorneys' fees).

*Strike 3 Holdings* provides particularly apt guidance as to why attorneys' fees are warranted here.  2020 WL 531996, at *4-*6.  There, the plaintiff issued subpoenas to internet service providers to determine if certain individuals, named as Does in a pending copyright infringement suit, had infringed its copyrights by using bit torrent technology to compile and view plaintiff's video content without payment.  *Id*. at *1-*2.  Despite this discovery establishing that a particular Doe defendant had not

-9-

1   infringed, the plaintiff pressed on with its litigation.  That Doe defendant filed

2   counterclaims for non-infringement.  *Id*. The plaintiff voluntarily dismissed its

3   copyright infringement claims under Rule 41.  *Id*. at *4.  The Doe defendant's

4   counterclaims continued to be adjudicated, and the Doe defendant moved for

5   summary judgment on non-infringement.  *Id*.  The Court granted the Doe defendant's

6   motion for summary judgment and request for attorneys' fees, specifically where the

7   plaintiff had dismissed its claims to avoid an adverse ruling that would subject it to

8   liability for attorneys' fees.  *Id*. at *4-6.

9        Though the procedural posture in *Strike 3 Holdings* is somewhat different

10  (though analogous), the ruling in that case underscores why the grant of attorneys'

11  fees is appropriate in this case.  Here, faced with another motion to dismiss, and now

12  counterclaims, that would render his copyright claims dismissed and his copyright

13  registration invalid, Zeleny seeks to voluntarily dismiss his copyright claim without

14  prejudice in order to avoid the inevitability of that ruling and his liability for

15  attorneys' fees under Section 505 of the Copyright Act.  This Court should follow the

16  precedent of *Strike 3 Holdings* and grant attorneys' fees in this case.[4]

17       In sum, if this Court is inclined to grant Zeleny's Motion for Voluntary

18  Dismissal, Professor Burge urges this Court to appropriately exercise its discretion by

19  offering to Zeleny that either his motion be denied, or that it be granted, but with a

20  dismissal with prejudice of all claims and with the payment of Professor Burge's

21  reasonable attorneys' fees incurred in defending this frivolous action.

22       **D. If This Court Grants Zeleny's Voluntary Dismissal, Professor**

23       **Burge's Counterclaims Should Be Maintained.**

24       Rule 41(a)(2) states that:

25

26  _____

27  [4] If the Court is inclined to grant Zeleny's motion to dismiss but grants Professor
    Burge his attorneys' fees, Professor Burge requests the opportunity to file a motion for
28  attorneys' fees to establish the quantum owed by Zeleny.

1

2

3

4

5

6

7

       (2) *By Court Order; Effect*. Except as provided in Rule 41(a)(1), an action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper.  *If a defendant has pleaded a counterclaim before being served with the plaintiff's motion to dismiss, the action may be dismissed over the defendant's objection only if the counterclaim can remain pending for independent adjudication….*
(emphasis added)

8

9

10

Thus, under Rule 41(a)(2), even if the Court were to permit Zeleny to voluntarily dismiss his copyright claim, Professor Burge's counterclaims should remain before the Court.

11

12

13

14

15

16

17

18

19

20

21

       In *Strike 3 Holdings LLC v. Doe*, the court reached precisely that conclusion under similar facts.  No. C17-1731-TSZ, 2020 WL 531996, at *4-*6; Fed. R. Civ. P. 41(a)(2) ("If a defendant has pleaded a counterclaim before being served with the plaintiff's motion to dismiss, the action may be dismissed over the defendant's objection only if the counterclaim can remain pending for independent adjudication.").  There, the Plaintiff brought a claim for copyright infringement, to which the defendant filed a counterclaim seeking a declaration of non-infringement. *Id.* at *4.  The Court held that the plaintiff's "subsequent dismissal of its copyright infringement claim did not render moot [defendant's] request for declaratory relief.  The case or controversy requirement persists through all stages of litigation, but this action is not one in which jurisdiction was lost after the Complaint was filed." *Id.* (internal citations omitted).

22

23

24

25

       The same result is compelled here.  This Court may only grant Zeleny's requested dismissal if Professor Burge's declaratory relief counterclaims regarding non-infringement, ownership of his existing Publication, and validity or cancellation of Zeleny's improper registration remain pending for independent adjudication.

26

## IV.   <u>CONCLUSION</u>

27

       Recognizing that his copyright claim is irreparably faulty, and having twice

28

-11-

forced Professor Burge to incur considerable expense in moving to dismiss two deficient complaints, Zeleny now seeks to voluntarily dismiss his copyright claim *without prejudice* to avoid Professor Burge's inevitable emergence as the prevailing party for the purpose of 17 U.S.C. § 505 and to preserve his invalid copyright registration. If this Court grants Zeleny a voluntary dismissal without prejudice, Professor Burge will suffer significant legal prejudice, as Zeleny will maintain ownership of an invalid copyright registration that he could assert against any new publication by Professor Burge, but this time with the possible specter of statutory damages and attorneys' fees. At a minimum, Zeleny should not be rewarded for harassing Professor Burge by pursuing this meritless action, nor for filing two complaints before adequately investigating his claims. Rather, Zeleny's Motion for Voluntary Dismissal should be denied or the FAC should be dismissed in its entirety *with prejudice* and with the payment of Professor Burge's attorneys' fees. Further, if the Court grants dismissal to Zeleny pursuant to his Rule 41(a)(2) motion, Professor Burge's counterclaims must continue to be litigated before this Court so that the ongoing disputes about copyright ownership, validity and noninfringement of Professor Burge's compilation can be finally adjudicated.

Dated: March 11, 2022

PILLSBURY WINTHROP SHAW PITTMAN LLP

*/S/ VIJAY K TOKE*

By:  VIJAY K. TOKE
DAVID J. TSAI
MICHAEL R. KREINER
Attorneys for Defendant
TYLER C. BURGE